**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mary Ann Mudd, et al., ) | No. CV-09-8153-PCT-MHM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Flagstaff Unified School District, et al., ) | |
| Defendant. ) | |

Currently pending before the Court is Plaintiffs Mary Ann Mudd and Tamara Mudd's Motion to Consolidate. (Dkt.#15). After reviewing the record and determining oral argument unnecessary, the Court issues the following Order.

On September 4, 2009, Defendants John Pertuit and KIKS American Karate filed a Notice of Removal in this Court, removing Plaintiff Mary Ann Mudd and Tamara Mudd's Amended Complaint from Coconino County Superior Court of the State of Arizona into United States District Court for the District of Arizona. Plaintiffs' Amended Complaint asserts claims against the Defendants for Assault (Count One), Intentional Infliction of Emotional Distress (Count Two), Negligent Infliction of Emotional Distress (Count Three), Negligence (Count Four), Negligence Per Se (Count Five), Breach of Trust (Count Six), Deprivation of Plaintiffs' Civil Rights Under the Arizona and Federal Constitutions (Count

Seven), Conspiracy to Interfere with Civil Rights, and Aiding and Abetting Tortious Conduct (Count Eight).

This case concerns allegations that Plaintiff was sexually abused by Defendant John Pertuit while a student at Coconino High School in Flagstaff, Arizona. Plaintiff has moved to consolidate this case with two other cases — <u>Tolar v. Flagstaff Unified School District</u>, CV-09-8210-PCT-PGR and <u>Franganillo v. Flagstaff Unified School District</u>, CV-09-8211-PCT-GMS — each of which raises similar claims of sexual abuse by Coconino High School students at the hands of Pertuit. Defendants Pertuit and KIKS American Karate have responded in opposition to the consolidation motion, as have Defendants Flagstaff Unified School District and David Roth.

FRCP 42(a) provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

All claims and issues sharing common aspects of law or fact may be consolidated to avoid unnecessary cost or delay. Fed.R.Civ.P. 42(a). However, the mere existence of common issues, although a prerequisite to consolidation, does not mandate consolidation; consolidation is inappropriate if it leads to inefficiency, inconvenience, or unfair prejudice. Fed.R.Civ.P. 42(b). The decision whether to consolidate rests in the court's broad discretion. <u>Inventors Research Co. v. United States District Court</u>, 877 F.2d 777, 777 (9th Cir. 1989).

Because of the nature of the subject matter here, Defendants contend that consolidation would be unduly prejudicial. Defendants contend that permitting numerous plaintiffs to go before a single jury on multiple claims of sexual abuse would tend to inflame the passions of the jury and invite them to draw inappropriate conclusions that might otherwise not be supported by the evidentiary record. According to Defendants, the potential for juror confusion is also unacceptably high in a joint trial like this, where a single jury would be asked to differentiate between numerous acts of sexual abuse alleged by multiple Plaintiffs.

Without commenting on the merits of Defendants' contentions regarding the potential for unfair prejudice of a single joint jury trial, the Court is convinced that transferring all of the cases to this Court and consolidating the issues in a single forum—at least for pretrial purposes—is the most efficient course of action given the factual overlap of each lawsuit. The Court will therefore direct that <u>Tolar v. Flagstaff Unified School District</u>, CV-09-8210-PCT-PGR and <u>Franganillo v. Flagstaff Unified School District</u>, CV-09-8211-PCT-GMS be consolidated for pretrial purposes with this case. The Court will manage all three of these cases during the pretrial stage, including discovery and summary judgment. After the Court has ruled on the Parties' forthcoming motions for summary judgment, the Court will make a determination as to whether the case should be bifurcated into three separate jury trials or whether all three actions can be appropriately heard by a single jury.

**Accordingly,**

**IT IS HEREBY ORDERED** granting Plaintiff Mudd's Motion to Consolidate. (Dkt.#15).

**IT IS FURTHER ORDERED** directing the Clerk to consolidate <u>Tolar v. Flagstaff Unified School District</u>, CV-09-8210-PCT-PGR and <u>Franganillo v. Flagstaff Unified School District</u>, CV-09-8211-PCT-GMS with this case.

**IT IS FURTHER ORDERED** directing the parties to file all pleadings in the lead case, CV 09-8153-PCT-MHM.

DATED this 3rd day of May, 2010.

_____
Mary H. Murguia
United States District Judge